**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RODERICK LESTER,

        Petitioner,

vs.                             Case Nos.:   3:13-cv-982-J-32JBT
                                                      3:10-cr-296-J-32JBT-1

UNITED STATES OF AMERICA,

        Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Petitioner Roderick Lester's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1)[1], filed on August 12, 2013, and Supporting Memorandum (Doc. 7), filed on July 18, 2014.[2] The government filed a response, docketed on August 15, 2014. (Doc. 8). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition. Upon consideration of Petitioner's and the Government's submissions, the Court determines that Petitioner's Motion to Vacate is due to be denied.

---

[1] Petitioner mistakenly stylized his § 2255 motion as an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence." The record does not show that Petitioner has previously attacked the instant federal conviction under 28 U.S.C. § 2255. Therefore, the instant motion is a first § 2255 motion, and the Court has jurisdiction to proceed.

[2] Citations to Petitioner's criminal case file, <u>United States of America v. Roderick Lester</u>, 3:10-cr-296-J-32TEM, are denoted as "Crim. Doc. ____." Citations to Petitioner's civil § 2255 case file, 3:13-cv-982-J-32TEM, are denoted as "Doc. ____."

## I.     Procedural History

On December 7, 2010, a grand jury sitting in the Middle District of Florida indicted Petitioner on one count of possession of a firearm and ammunition by a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Crim. Doc. 1). After an unsuccessful motion to suppress, see Crim. Docs. 19, 20, 26, Petitioner stipulated that he had been convicted of several felonies under Florida law, that on the date of his arrest he was carrying a firearm and ammunition, and that he admitted to police officers during his arrest that he possessed the firearm. (Crim. Doc. 39 at ¶¶ 1-4, 6). Petitioner further stipulated that the gun was connected to interstate commerce. Id. at ¶ 5. Petitioner "acknowledge[d] that by this stipulation he is agreeing to all the facts set forth [in the stipulation] and that he is further agreeing that the elements required to establish that he is factually guilty of the offense of Count One of the Indictment pending before him are established." Id. at 3. Petitioner proceeded to a bench trial, where the Court adjudicated him guilty of the offense. (Crim. Docs. 38 and 41). The Court sentenced Petitioner to 63 months' imprisonment, followed by three years of supervised release. (Crim. Doc. 46). Thereafter, Petitioner appealed the Court's denial of his motion to suppress to the Eleventh Circuit Court of Appeals, which affirmed the Court's denial of suppression. United States v. Lester, 477 F. App'x 697, 698 (11th Cir. 2012).

Following the Eleventh Circuit's decision, Petitioner requested that the Supreme Court grant certiorari review, which the Supreme Court denied on October 9, 2012. United States v. Lester, 133 S. Ct. 465 (2012). Petitioner's conviction and

sentence became final on October 9, 2012 when the Supreme Court denied the petition for a writ of certiorari.  Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (per curiam).  Petitioner had one year from that date, or until October 9, 2013, to file a motion to vacate under 28 U.S.C. § 2255(f)(1).  Petitioner filed his Motion to Vacate on August 12, 2013, and is therefore timely under 28 U.S.C. § 2255(f)(1).

Petitioner's Motion identified two grounds for relief: (1) that counsel "was constitutionally ineffective because he failed to investigate the crime charged[,]" and (2) that counsel was ineffective for failing to "seek Brady material which would have proved petitioner's innocence."  (Doc. 1 at 5).  At first, Petitioner did not file a supporting memorandum with his bare-bones § 2255 form.  The Court ordered Petitioner to file a supporting memorandum by March 31, 2014 so that he could flesh out his claims.  (Doc. 3).  The deadline came and went without Petitioner filing a memorandum, and on May 27, 2014 the United States moved to dismiss for failure to prosecute.  (Doc. 4).  The Court gave Petitioner a second opportunity to file a memorandum by July 18, 2014.  (Doc. 6).  On July 18, 2014, Petitioner filed a 3-page supporting memorandum.  (Doc. 7).  The United States responded in opposition on August 15, 2014 (Doc. 8).

## II.    Discussion

Under 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence.  Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws

of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack.  28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack.  United States v. Addonizio, 442 U.S. 178, 184-86 (1979).  A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

Although a court should liberally construe a pro se litigant's habeas petition, Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991), that does not relieve a petitioner of the responsibility to plead specific, non-conclusory facts – rather than mere legal conclusions – that support a claim for relief.  Winthrop-Redin v. United States, ____ F.3d ____, 2014 WL 46699391 at *4 (11th Cir. Sep. 23, 2014) (quoting Aron v. United States, 291 F.3d 708, 715 n.6 (11th Cir. 1989)) ("[A] petitioner need only allege – not prove – reasonably specific, non-conclusory facts that, if true, would entitle him to relief.").  "A petitioner is not entitled to an evidentiary hearing… when his claims are merely conclusory allegations unsupported by specifics..." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir.1991) (emphasis in original) (internal citations and quotations omitted).  A statement of legal conclusions or a formulaic recitation of the elements of a claim will not suffice.  A district court need not hold an evidentiary hearing if the petitioner's allegations are "patently frivolous," "based on unsupported

generalizations," or "affirmatively contradicted by the record." <u>Holmes v. United States</u>, 876 F.2d 1545, 1552 (11th Cir. 1989).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that, as a result, he suffered prejudice sufficient to undermine confidence in the outcome of the proceeding. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u> at 690. The petitioner bears the burden of proof on both the "performance" prong and the "prejudice" prong, and he must prove both to prevail. <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1176 (11th Cir. 2001).

Here, Petitioner alleges two instances of ineffective assistance of counsel at an abstract level. In Ground One, Petitioner alleges that counsel rendered ineffective assistance by failing to investigate the crime charged or research the applicable law, and that "[c]ounsels unprofessional legal advice renders Petitioners guilty plea Involuntary." (Doc. 1 at 5) (sic).[3] Petitioner does not identify <u>what</u> his attorney's alleged misadvice was, nor does Petitioner explain <u>what</u> information counsel's further investigation would have or should have discovered. Petitioner also does not explain <u>how</u> the allegedly deficient advice or investigation influenced him to enter into a stipulation agreement, let alone that his attorney's performance caused him to

---

[3]     Petitioner did not in fact plead guilty, although he did enter a series of stipulations amounting to an admission of guilt before proceeding to a bench trial. <u>See</u> Crim. Docs. 38, 39, 41. Counsel for Petitioner took this approach in order to preserve the right to appeal the Court's denial of suppression. <u>See</u> Note 4, <u>infra</u>.

involuntarily and unknowingly enter into the agreement. (See Doc. 1 at 5; Doc. 7 at 2). Petitioner only alleges that his attorney inadequately investigated his case, and that this somehow "induced Petitioner to plead guilty." (Doc. 7 at 2). Thus, not only does Petitioner fail to inform the Court about what kind of deficient performance counsel allegedly provided (i.e. Strickland's performance prong), but Petitioner also gives the Court no way of evaluating the connection between counsel's performance and Petitioner's decision to enter into the stipulation agreement (i.e. prejudice). Where the record is unclear or incomplete about an attorney's actions, the Court will presume that the attorney did what he should have done, and that the attorney exercised reasonable professional judgment. Williams v. Head, 185 F.3d 1223, 1228 (11th Cir. 1999). Accordingly, because Petitioner's Ground One claim is comprised of conclusory allegations unsupported by specifics, it fails to overcome the considerable presumption that counsel rendered effective assistance.

Moreover, the record refutes Petitioner's claim that counsel inadequately investigated his case. Trial counsel assiduously litigated a motion to suppress wherein counsel sought to exclude the firearm by arguing it was obtained as the result of an illegal Terry stop. (See Crim. Docs. 19 and 20; Crim. Doc. 27 at 77-81). Counsel cross-examined the stopping officer for 29 transcript pages, during which he sought to establish that the officer lacked reasonable, articulable suspicion for stopping Petitioner. (Crim. Doc. 27 at 23-52). Because the police officer also stopped Petitioner partly in reliance on a "Be On the Lookout" (BOLO) report describing suspects in a recent burglary, counsel summoned an investigator to testify about the

neighborhood where the police stopped Petitioner, as well as the time and distance between where Petitioner was stopped and where the burglary occurred. (Crim. Doc. 27 at 54-65). The Court ultimately denied the motion to suppress (Crim. Docs. 26 and 33), after which Petitioner stipulated to facts establishing his guilt at a bench trial for the strategic purpose of preserving his right to appeal the Court's denial of the motion to suppress. (See Crim. Doc. 62 at 4-8).[4] The record reflects that suppression was the pivotal issue, for it was otherwise beyond dispute that (a) Petitioner had several prior felony convictions, (b) Petitioner was carrying a loaded gun on the night of the stop and search, and (c) the gun and ammunition were manufactured out-of-state, thereby connecting them to interstate commerce. Thus, stipulating to facts proving his guilt and proceeding to a bench trial was strategically the best option for Petitioner, because that route preserved his right to appeal the Court's decision on the motion to suppress. Accordingly, based on the record of the suppression hearing and bench trial, there is little doubt that counsel competently investigated Petitioner's case and made an informed, strategic decision about how to proceed.

---

[4]      Ordinarily, a plea of guilty would bar a defendant from subsequently challenging any non-jurisdictional defects, including the denial of a motion to suppress, United States v. Bell, 457 F.2d 1231, 1234 n.1 (5th Cir. 1972), but the Federal Rules of Criminal Procedure allow a defendant to enter a conditional plea of guilty that preserves the right to appeal the adverse determination of a specified pretrial motion. Fed. R. Crim. P. 11(a)(2). However, the United States Attorney's Office for the Middle District of Florida has a policy against conditional plea agreements. See Crim. Doc. 62 at 4-8. Therefore, a defendant in the Middle District of Florida, such as Petitioner, who might otherwise like to enter a conditional guilty plea that would preserve the right to appeal, must instead follow the procedure used in this case in order to preserve his appellate rights.

In Ground Two, Petitioner generally alleges that counsel was ineffective for failing to seek or obtain <u>Brady</u> material[5], and because of this failure counsel "could not advise Petitioner of the wisdom of wether [sic] the Government had sufficient evidence to convict Petitioner or not." <u>Id.</u> Petitioner speculates that he "was prejudiced by Counsels Unprofessional Errors, because, had Counsel obtained Brady Material, he would not have recommended that he plead guilty." (Doc. 7 at 2) (sic). Again, Petitioner does not provide specifics. Petitioner does not describe what, if any, <u>Brady</u> material the government had in its possession that counsel failed to uncover.[6] In turn, because Petitioner does not describe the content of any alleged <u>Brady</u> material, he fails to establish prejudice because the Court cannot evaluate how such material would have affected Petitioner's decision-making or altered the outcome of his case. Petitioner does not explain how any hypothetical <u>Brady</u> material would have undermined the incriminating evidence, pointed to his innocence, or otherwise prevented him from stipulating to his guilt.

Indeed, Petitioner's allegation that there might have been hidden material demonstrating his innocence is implausible in light of (1) the evidence introduced at the hearing on his motion to suppress, (2) the testimony introduced at his bench trial, and (3) his stipulation of guilt – which, significantly, he does not claim to have been tricked or coerced into entering. At Petitioner's suppression hearing, a police officer's

---

[5]    <u>Brady v. Maryland</u>, 373 U.S. 87 (1963) (the government must disclose evidence in its possession that is favorable to a defendant).

[6]    Notably, despite apparently being aware of <u>Brady</u>, Petitioner does not separately allege any <u>Brady</u> violations by the Government. Thus, while Petitioner does not allege that the Government actually had <u>Brady</u> material, he accuses counsel of being ineffective for not discovering it.

testimony showed that on the date of the encounter Petitioner admitted he was carrying a firearm, and an officer's search revealed that he was indeed carrying a loaded .380 caliber semi-automatic pistol. (Crim. Doc. 26 at 6-7; Crim. Doc. 27 at 21). A records search by the officer also reflected that Petitioner had multiple felony convictions for burglary, homicide, and weapons violations. (Crim. Doc. 26 at 6; Crim. Doc. 27 at 18). Petitioner later stipulated that he was a convicted felon, that he was carrying a firearm, and that the firearm was connected to interstate commerce. (See Crim. Doc. 39, generally; Crim. Doc. 62 at 12-13). At Petitioner's bench trial, the Court explained that these admissions would compel the Court to find him guilty. (Crim. Doc. 62 at 8). Petitioner stated he understood. Id. Petitioner affirmed that he had discussed the stipulations and waiver of jury trial with his attorney as part of a plan to preserve his right to appeal the Court's denial of suppression. Id. The Court advised Petitioner that he had the right to make the government prove the elements of the charge beyond a reasonable doubt to a jury. Id. at 9-10. Petitioner stated he understood, and confirmed that he knowingly and freely waived the right to a jury trial. Id. at 10-11. The Court then reviewed each of Petitioner's stipulations, and Petitioner stated that he had voluntarily agreed to them in consultation with his attorney. Id. at 12-21. Considering that Petitioner stated, under oath, that he freely and knowingly stipulated to facts proving his guilt beyond a reasonable doubt after consulting his lawyer, his allegations that counsel's inadequate investigation or failure to discover nondescript Brady material rendered his stipulations involuntary are implausible from the face of the record. Accordingly, it is hereby

**ORDERED:**

1. Petitioner Roderick Lester's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1; Crim. Doc. 72) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Roderick Lester, and close the file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has not absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal

in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of December,

2014.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se party